IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-286-BO

| | |
|---|---|
| SYLVIA JANE RIVERA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court on the parties' cross motions for judgment on the pleadings [DE 22, 28]. A hearing on this matter was held in Elizabeth City, North Carolina on July 29, 2014 at 11:00 a.m. For the reasons detailed below, plaintiff's motion is DENIED and defendant's motion is GRANTED. The decision of the Commissioner is AFFIRMED.

## BACKGROUND

On July 9, 2009, Ms. Rivera filed an application for disability insurance benefits under Title II of the Social Security Act. Plaintiff alleges disability beginning on March 7, 2006, but her counsel later admitted that September 8, 2008 was a more appropriate onset date.[1] Plaintiff's application was denied initially and upon reconsideration. A hearing was held before an Administrative Law Judge ("ALJ") on October 6, 2011 and the ALJ issued a decision denying the claims. On March 16, 2013, the Appeals Council denied review thereby rendering the ALJ's decision the final decision of the Commissioner. Petitioner now requests judicial review pursuant to 42 U.S.C. § 405(g).

---

[1] Plaintiff's separate application for disability was approved and she was found disabled as of April 13, 2009. Therefore the period under consideration before this Court is September 8, 2008 to April 12, 2009.

## DISCUSSION

Pursuant to the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the Commissioner's decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (citing *Richardson v. Pearles*, 402 U.S. 389, 390 (1971)). "'[S]upported by substantial evidence' means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Pearles*, 402 U.S. at 401). Regulations establish a five-step sequential evaluation process to be followed when determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520 and 416.920. "The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five." *Rogers v. Barnhart*, 216 Fed. App'x 345, 348 (4th Cit. 2007) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987)).

Here, plaintiff alleges that the ALJ erred at step one of the sequential evaluation process by finding that Ms. Rivera had engaged in substantial gainful activity ("SGA") during the relevant time period. Because the ALJ found that Ms. Rivera had engaged in SGA during all pertinent times prior to the expiration of her insured status, he found that she was not disabled within the meaning of the Act. [Tr. 12–13]. Plaintiff argues that during this time period, Ms. Rivera's work activity did not constitute substantial work activity due to the effect of her depression and anxiety.

The Social Security Administration's regulations define SGA as work activity that is both "substantial" and "gainful," where substantial is defined as work activity that involves doing significant physical or mental activities, but allowing that the "work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when

2

you worked before." 20 C.F.R. § 404.1572. Gainful is defined simply as work for profit or the type of work that is normally done for profit. *Id.* "Generally, in evaluating . . . work activity for [SGA] purposes, [the] primary consideration will be the earnings . . . derive[d] from the work activity." 20 C.F.R. § 404.1574(a)(1). The only other consideration apart from earnings is if there is information from the employer or claimant indicating that not all the work should count as earnings. *Id.* This is examined by considering how well a person performs that work activity. 20 C.F.R. § 404.1573. If a person performs their work satisfactorily, that generally indicates SGA; but if the person is unable, because of impairments, to do ordinary or simple tasks satisfactorily without more supervision or assistance than is usually given other people doing similar work, then the work may not be SGA. *Id.*

The ALJ noted that Ms. Rivera did not make the argument that she was unable to do the ordinary or simple tasks satisfactorily without more supervision. [Tr. 12–13]. Although Ms. Rivera stated during the administrative hearing that she was unable to perform her work satisfactorily, this appears to be due to an increase in work demands laid on her, and not due to a decrease in her abilities to perform. [Tr. 24–26]. Ms. Rivera earned well over SGA during the relevant time period. [Tr. 13, 110]. These earnings have created a rebuttable presumption that she work SGA up until, and well past, her date last insured. To rebut the presumption more evidence than the subjective statements of plaintiff is required. The record is, quite simply, devoid of evidence supporting plaintiff's claim that she was in fact being accommodated and not actually working SGA despite getting a full paycheck. Accordingly, the ALJ's decision is supported by substantial evidence in the record and the decision of the Commissioner is affirmed.

## CONCLUSION

For the reasons outlined above, defendant's motion for judgment on the pleadings is GRANTED and plaintiff's motion is DENIED. The decision of the Commissioner is AFFIRMED. The clerk is directed to close the file.

SO ORDERED.

This, the 4 day of August, 2014.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE